### J. J. CORNELISON, RECEIVER, v. ASA B. GATEWOOD.

**Interest Acquired Pendente Lite.**

>One acquiring property then in litigation is bound by the result of such litigation.

**Receiver Bound to Obey Court's Orders.**

>Because a receiver is named as a garnishee defendant, constitutes no good reason which entitles him to assume the position of a litigant in the suit in which he was receiver and to set up and rely upon the claim of attaching creditors as a reason why he shall not obey the order of the court by which he was appointed.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

### January 30, 1880.

OPINION BY JUDGE COFER:

The appellant has no right to complain of the judgment appealed from. What he has in his hands and the amount he was ordered to pay to the appellee is not disputed. The fund was in litigation when Turner assigned his interest in it to Yocum, and when the interest so assigned was attached by Yocum's creditors.

Yocum took subject to the result of that litigation, and his creditors could not acquire other or greater interest or a more favorable position by their attachment than he had, and the order appealed from, when obeyed, will amply protect the appellant. That he is made a party and garnishee in the suit of Yocum's creditors does not entitle him to assume the position of a litigant in the suit in which he was receiver, and to set up and rely upon the claim of the attaching creditors of Yocum as a reason why he shall not obey the order of the court by which he was appointed.

Turner is bound by the order confirming the report as corrected and ordering the appellant to pay out the money, and Yocum and his attaching creditors are also bound because they acquired their interest pendente lite. The appellant has no interest in the question whether Turner's assignee is entitled to the fund, any more than he would have if Turner had not assigned his claim, and the appellant, conceiving that injustice had been done to Turner, sought to obtain a reversal for Turner's benefit.

He does not seem to have committed himself by his answer in the attachment suit, but if he has he cannot obstruct the settlement of his accounts as receiver on that account. If he has made an improvident answer it is his own fault, and he cannot shift its consequences

on to those who were parties to the suit in which he was receiver, and for whom he held the money in his hands.

Wherefore the jugment is *affirmed.*

*Tyler & Hazelrigg, for appellant.    Reid & Stone, for appellee.*

